861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew STALLINGS, Petitioner-Appellant,
v.
Ben BOWERS, Respondent-Appellee.
 No. 88-3389.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1988.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 This pro se petitioner appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. Upon examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After a jury trial in the Cuyahoga County, Ohio Court of Common Pleas, petitioner, Andrew Stallings, was convicted of kidnapping, gross sexual imposition and dissemination of materials harmful to a minor. As he was already the subject of a prior conviction for rape, petitioner was accorded a sentence of 11 1/2 to 26 years imprisonment with an actual minimum sentence of eight years. See Ohio Rev.Code Ann. Sec. 2929.11(B)(1)(b). Subsequent to his pursuit of a direct appeal which resulted in the reversal of his conviction for kidnapping, petitioner filed a petition for a writ of habeas corpus in the District Court for the Southern District of Ohio. In addition to restating his already successful claim regarding the kidnapping conviction, he maintained that: 1) his other convictions were invalid as they were obtained after the jury was allowed to view an irrelevant, yet inflammatory videotape, and 2) his sentence under Ohio Rev.Code Ann. Sec. 2929.11(B)(1)(b) violated the eighth amendment in that it was predicated upon a prior felony conviction that was over 30 years old. The district court, however, concluded that both those arguments lacked merit and therefore entered judgment dismissing the petition for habeas relief. This appeal followed.
 
 
 4
 Upon review of the record, this panel concludes that the district court did not err in dismissing the petition for a writ of habeas corpus. Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment entered April 21, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting by designation